UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MOORE,<br><br>             Plaintiff,<br><br>      v.<br><br>UTILITY TRAFFIC CONTROL SER-<br>VICES, INC.,<br><br>             Defendant. | Case No.  25-cv-06975-AGT<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 12 |

Defendant Utility Traffic Control Services, Inc. (Defendant) moves to dismiss plaintiff Sean Moore's (Plaintiff) complaint, dkt. 12, and asks the Court to take judicial notice. Dkt. 12-1. Plaintiff opposes. Dkt. 13. The Court finds these matters suitable for disposition without oral argument, *see* Civil L.R. 7-1(b), and now grants the request for judicial notice in full and the motion to dismiss in part.

## I.      Request for Judicial Notice Is Granted

Defendant asks the Court to judicially notice the collective bargaining agreement (CBA) and Letter of Assent. Dkt. 12-1; *see also* dkt. 12 at 10.[1] Plaintiff argues that Defendant has failed to show that Plaintiff was a member of the affiliated union and failed to authenticate the Letter of Assent. Dkt. 13 at 11. Plaintiff doesn't otherwise object to the taking of judicial notice.

---

[1] Citations to page numbers in this order correspond to the Electronic Case Filing page numbers at the top of each page.

First, as Defendant highlights, dkt. 14 at 3, the Letter of Assent was authenticated in a declaration by Keaton Voulgarelis, Defendant's vice president. Dkt. 2 ¶¶ 2 & 6. Voulgarelis signed the Letter of Assent on behalf of Defendant. Dkt. 12-1, Ex. B. Plaintiff doesn't provide any other grounds to challenge the authenticity of the Letter of Assent, so this argument is unavailing. *See Oswald v. MV Transportation, Inc.*, No. 25-CV-00696-AMO, 2026 WL 25841, at *2 (N.D. Cal. Jan. 5, 2026) (noting that "[a] bald assertion that the CBA is inauthentic does not create an actual dispute as to the document's authenticity," and taking judicial notice of a collective bargaining agreement).

Next, Defendant argues that Plaintiff himself need not be a member of the relevant union in order to benefit from a collective bargaining agreement. *See* dkt. 12 at 11. Plaintiff alleges in his complaint that he was a technician flagger employed by Defendant, dkt. 2 ¶¶ 7 & 13, a classification which the CBA identifies and covers. Dkt. 12-1, Ex. A, Section 4.05, Classification A. Plaintiff doesn't dispute that he was a technician and doesn't dispute that technicians are covered. Given that, whether he was a union member is not dispositive. *See Trs. of S. Cal. IBEW-NECA Pension Tr. Fund v. Flores*, 519 F.3d 1045, 1047 (9th Cir. 2008) ("When a collective bargaining agreement defines covered employees by job classification, it generally covers all employees within those classifications, regardless of union membership.") (cleaned up).[2]

In light of the above, the Court takes judicial notice of the CBA filed at Exhibit A, dkt. 12-1, and the Letter of Assent filed at Exhibit B, dkt. 12-1. *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (finding that "the district court . . . properly

---

[2] Plaintiff is silent as to his union membership and alleges only that Defendant has not proven that Plaintiff was a union member. *See* dkt. 13 at 11.

looked beyond the face of the complaint to determine whether the contract claim was in fact a section 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction"); *see also Johnson v. Sky Chefs, Inc.*, No. 11-CV-05619-LHK, 2012 WL 4483225, at *1 n.1 (N.D. Cal. Sept. 27, 2012) (overruling objections and taking judicial notice of collective bargaining agreement, noting that "[c]ourts routinely take judicial notice of the governing collective bargaining agreement where necessary to resolve issues of preemption.").[3]

## II.     Motion to Dismiss Is Granted In Part

Defendant argues that Plaintiff's complaint should be dismissed because it is preempted, it fails to comply with Federal Rule of Civil Procedure 8's pleading requirements, and it seeks impermissible relief. Dkt. 12. Plaintiff opposes. Dkt. 13.

### A.  Section 301 Preemption Is Applicable to Certain Claims

Section 301(a) of the Labor Management Relations Act provides for federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). "Section 301 completely preempts any state causes of action based on alleged violations of contracts between employers and labor organizations." *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993). Labor claims may be subject to preemption under § 301 "even in some instances in which the plaintiffs have not alleged a breach of contract in their complaint, if the plaintiffs' claim is either grounded in the provisions of the labor contract or requires interpretation of it." *Burnside v. Kiewit Pac. Corp.*,

---

[3] Defendant also asks the Court to judicially notice the State of California Department of Industrial Relations's Minimum Wage Frequently Asked Questions page. Dkt. 12-1 & Ex. C. Plaintiff doesn't oppose. The Court finds this "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b)(2), and takes judicial notice of Exhibit C, dkt. 12-1.

491 F.3d 1053, 1059 (9th Cir. 2007).

The Ninth Circuit uses a two-part analysis to determine whether a claim is preempted by § 301. First, the court inquires "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Id.* at 1059. If the right "exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there." *Id.* Second, if the right exists independently of the CBA, the court must consider whether "it is nevertheless substantially dependent on analysis of a collective-bargaining agreement." *Id.* (cleaned up). "If such dependence exists, then the claim is preempted by section 301." *Id.* at 1059-60. But if the claim can be resolved by "looking to" instead of "interpreting" the CBA, the claim is not preempted and can proceed under state law. *Id.* at 1060.

### i.  Overtime Claim is Preempted

Plaintiff alleges in his complaint that Defendant failed to pay overtime wages, violating California Labor Code § 510. Dkt. 2 ¶¶ 40–48. Defendant argues, dkt. 12 at 12–13, that California Labor Code § 514 renders § 510 inapplicable "to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage."

Plaintiff pleads that he was employed by Defendant as a non-exempt employee who worked as a technician flagger. *See* dkt. 2 ¶¶ 7 & 13. He seeks to represent a class of current and former employees of Defendant who worked as hourly-paid, non-exempt employees during the relevant period. *Id.* ¶ 2. Defendant argues that Plaintiff and the potential class

members are all governed by the CBA, dkt. 12 at 13, which lays out the scope of covered work and the covered classifications. *See* dkt. 12-1, Ex. A. Plaintiff disputes the applicability of the CBA for the reasons addressed above but doesn't otherwise oppose Defendant's argument. *See* dkt. 13 at 11.[4] The Court finds that Plaintiff and the prospective class members are covered by a valid collective bargaining agreement.

Defendant argues, and Plaintiff does not dispute, that the CBA expressly provides for wages, dkt. 12-1, Ex. A, Sections 3.02, 3.03, & Ex. B to CBA; hours of work, Section 3.01; and working conditions of the employees. Sections 2.07, 3.01, 3.04, 3.08, 3.09, & 3.12. Moreover, the CBA provides for premium wage rates for all overtime hours worked, Sections 3.01, 3.05, & 3.11, and for a regular hourly rate of pay which is more than 30% higher than the state minimum wage. The applicable state minimum wage rates for the period covered by the CBA, Section 1.01, are $15.50 for 2023, $16.00 for 2024, and $16.50 for 2025. *See* dkt. 12-1, Ex. C. Accordingly, 130% of the minimum wage rate thresholds was $20.15 in 2023, $20.80 in 2024, and $21.45 in 2025. The enumerated CBA rates of pay range from $25.72 to $41.15 per hour for 2023 and thus exceed the necessary thresholds for that year and the years following. Dkt. 12-1 at 33, Ex. A, Ex. B. The CBA further provides for annual rate increases in varying amounts depending on the employee. *Id.* Given that the requirements of California Labor Code § 514 are met, § 510 is inapplicable.

Instead, Plaintiff argues that his overtime claims arise out of state law and are therefore not preempted. Dkt. 13 at 11–15 & 16–17. Defendant responds that, though Plaintiff's claims might originally be based in state law, that alone is not dispositive. Dkt. 14 at 3. The Court must still determine whether the claim is preempted under § 301. *Id.* Defendants have

---

[4] Notably, Plaintiff does not dispute that technician flaggers are covered by the CBA.

the better argument. Even where a plaintiff only pleads state law claims, a court must engage in the two-step analysis laid out in *Burnside*. *See Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152–55 (9th Cir. 2019) (applying framework to claims "style[d] as state law claims" and finding them preempted). Because Plaintiff's CBA meets § 514's requirements, Plaintiff's claim for overtime is controlled by the CBA, not by state law, and is preempted. *See Fennix v. Tenderloin Hous. Clinic, Inc.,* No. 20-CV-05207-DMR, 2020 WL 6462394, at *3 (N.D. Cal. Nov. 3, 2020) ("[S]ection 514 exemption applies in this case, [the plaintiff's] right to overtime is governed exclusively by the CBA.").

Plaintiff finally argues that his overtime is not exempted because Defendant's § 514 argument is a defense, not giving rise to § 301 preemption. *See* dkt. 13 at 17–18. That argument is unavailing. Section 301 "has such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Curtis*, 913 F.3d at 1152 (cleaned up).

Plaintiff relies on *Vasserman v. Henry Mayo Newhall Memorial Hospital* for his argument. 65 F. Supp. 3d 932, 953–55 (C.D. Cal. 2014). But that case is no longer good law for this proposition, as pointed out by Defendant. Dkt. 14 at 4–5. In *Curtis v. Irwin Industries, Inc.*, the Ninth Circuit found that — because the plaintiff's CBA met the requirements of § 514 — his right to overtime existed solely as a result of the collective bargaining agreement, not state law, and was preempted under § 301. 913 F.3d at 1154. Since *Curtis*, "courts in this district have concluded that the *Vasserman* line of cases is no longer good law on this point." *Tejeda v. Vulcan Materials Co.*, No. 23-CV-00619-JCS, 2024 WL 3642403, at *16 (N.D. Cal. Aug. 1, 2024) (collecting cases).

Plaintiff's right to overtime therefore exists solely as a result of the CBA and is

preempted.

### ii.  Meal Period Claim Is Preempted

Plaintiff alleges a claim for meal period violations under California Labor Code § 226.7 and § 512. Dkt. 2 ¶¶ 49–52.

Section 512(e) renders § 512(a) & (b) inapplicable when an employee is covered by a valid collective bargaining agreement and that agreement "expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate."

Section 512(e) therefore functions much like § 514, discussed above. And, as noted above, the CBA provides for the wages, hours, and working conditions of employees; premium wages for overtime hours; and regular hourly rates at least 30% above the minimum wage rate.

The CBA also expressly provides for thirty-minute meal periods. *See* dkt. 12-1, Ex. A, Section 3.01. Plaintiff argues that the CBA only provisions for the first meal break, but not a second. Dkt. 13 at 17. That requirement regarding a second meal break comes from § 512(a). *See* Cal. Lab. Code § 512(a) ("An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ."). But, § 512(e) renders § 512(a) inapplicable, as noted, so § 512(a)'s discussion of second meal periods is irrelevant.[5]

---

[5] Moreover, as Defendant argues, dkt. 14 at 5, the CBA does provide for second meal breaks.

Lastly, the CBA lays out a grievance procedure. Dkt. 12-1, Ex. A, Sections 1.06–08 & Ex. A to CBA. Plaintiff argues that the CBA does not include any provision for the final and binding arbitration of meal break disputes. Dkt. 13 at 17. But the CBA includes provisions requiring that "[a]ll grievances or questions in dispute" be submitted to the grievance process. Dkt. 12-1, Ex. A. Section 1.06. This encompasses any disputes regarding meal period provisions.

As argued by Defendant, dkt. 12 at 14 & dkt. 15, all the conditions for the meal period exemption under § 512(e) exist here. The CBA preempts Plaintiff's meal period claim.[6]

In opposition, Plaintiff again argues that his claims are based in California's state law, are not based in the CBA, and are not preempted. Dkt. 13 at 17–18. However, as Defendant replies, dkt. 15 at 6, Plaintiff's cited cases were all decided prior to 2011. Section 512(e) went into force on January 1, 2011. *Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1097 (N.D. Cal. 2014). Since then, courts in this district have routinely found that a meal period claim is preempted if the applicable collective bargaining agreement meets the requirements of § 512(e). *See, e.g.*, *Garcia v. Pac. Gas & Elec. Co.*, No. 24-CV-04150-VC, 2024 WL 4209519 (N.D. Cal. Sept. 17, 2024) (finding meal period claim preempted where the collective bargaining agreement met § 512(e)'s requirements); *Oswald,* 2026 WL 25841,

---

The CBA requires a thirty-minute lunch per shift. Dkt. 12-1, Ex. A., Sections 3.01 & 3.05. If an employee works beyond a shift and over ten hours, they are working a second shift and therefore are entitled to a second meal break. Section 3.05.

[6] Section 512(e) applies to the employees specified in § 512(f). Neither party addresses this requirement, but the CBA covers traffic control work such as directing of vehicular and foot traffic and intermittent traffic stoppage to load and unload equipment, materials, tools and personnel. *See* dkt. 12-1, Ex. A, Scope of the Work. This falls under § 512(f)(1) as work in construction. *See Plagakis v. Outsource Util. Contractor Corp.*, No. 23-CV-00798, 2023 WL 8602161, at *4–5 (E.D. Cal. Dec. 12, 2023) (finding that "yard traffic technician" qualified as construction for the purposes of § 512(f)).

at *5 (same); *Rodriguez v. Gonsalves & Santucci, Inc.*, No. 21-CV-07874-LB, 2022 WL 161892, at *4 (N.D. Cal. Jan. 18, 2022) (same).

Plaintiff's meal period claim is preempted.[7]

### iii.   Rest Period Claim Is Preempted

Plaintiff alleges that Defendants failed to authorize rest periods in violation of California Labor Code § 226.7 and § 512. Dkt. 2 ¶¶ 53–56. Defendant argues that these claims are foreclosed: a regulatory exemption provides that rest break obligations are inapplicable to employees covered by a collective bargaining agreement if that agreement provides equivalent protection. Dkt. 12 at 14–15. *See also Rodriguez*, 2022 WL 161892, at *4 (finding same). Plaintiff fails to respond to this argument and thereby concedes it. *See Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 & n.7 (N.D. Cal. 2013) (finding that, where a party failed to respond, that party conceded the issue).

Plaintiff does argue that his claims are based in state law and are not preempted. Dkt. 13 at 18. Plaintiff cites no authority in support of this specific position. On the Court's own review, this argument is against the weight of authority in this district. See *Oswald*, 2026 WL 25841, at *6 (finding a rest period claim preempted); *Padilla v. W. Traffic Control, Inc.*, No. 25-CV-07642-RS, 2025 WL 2961801, at *3 (N.D. Cal. Oct. 20, 2025) (same).[8]

---

[7] Plaintiff additionally brings claims under California Labor Code § 226.7, but § 226.7(e) renders the section inapplicable "to an employee who is exempt from meal or rest or recovery period requirements pursuant to other state laws," as Plaintiff is here due to § 512(e).

[8] The Ninth Circuit recently found that rest period, meal period, and overtime claims did not arise from collective bargaining agreements and instead sprang from state law. *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1089 (9th Cir. 2025). In that case, however, the collective bargaining agreements did not satisfy California Labor Code § 514 and therefore were not exempt from § 510. *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, No. 23-CV-01413, 2023 WL 6519308, at *3–4 (E.D. Cal. Oct. 5, 2023), *aff'd*, 150 F.4th 1076 (9th Cir. 2025). Here, the CBA satisfies § 512 and § 514 and therefore is exempt from § 510 and § 512's mandates.

Plaintiff's claim for rest breaks is preempted.

### iv.   Minimum Wage Claim Is Not Preempted

Plaintiff alleges that Defendant failed to pay for all hours worked. Dkt. 2 ¶¶ 30–39. Defendant first argues that this claim is substantially dependent on the CBA and thereby preempted under the second prong of *Burnside*. Dkt. 12 at 16–18. Plaintiff opposes, arguing that the Court need only "look to" the CBA here, and need not interpret it, such that this claim is not preempted. *E.g.*, dkt. 13 at 13–15.

Plaintiff has the better of this dispute. For claims to be preempted under the second *Burnside* prong, a Court must be required to do more than "look to" the terms of the bargaining agreement. *Burnside*, 491 F.3d at 1060. "[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be [preempt]ed." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994). "Claims are only preempted at step two to the extent there is an active dispute over the meaning of contract terms." *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1089 (9th Cir. 2025) (cleaned up).

Here, Defendant points to a series of terms such as "regular hourly rate," "actual time worked," and "inclement weather." Dkt. 12 at 17. Defendant argues that these terms require interpretation to adjudicate Plaintiff's claim. *Id.* But Defendant does not point to any dispute regarding the meaning of these terms, or explain how a particular interpretation would impact Plaintiff's likelihood of success. Defendant's argument "conflates the need to analyze the agreements' provisions with the need to simply apply those provisions." *Moore v. Aramark Unif. Servs.*, LLC, No. 17-CV-06288-JST, 2018 WL 701258, at *4 (N.D. Cal. Feb. 5,

2018).

This claim is not preempted under the second *Burnside* prong. *See Carrillo v. Monterey Mech. Co.*, No. 24-CV-09202-LJC, 2025 WL 2615064, at \*14–15 (N.D. Cal. Sept. 10, 2025) (addressing similar arguments and finding minimum wage claim not preempted).

### v.  Waiting Time Penalty Claim Is Partially Preempted

Plaintiff alleges that Defendant failed to pay the wages of discharged employees, resulting in waiting time penalties pursuant to California Labor Code §§ 201–02. Dkt. 2. ¶¶ 61–67.

Defendant argues that the claim for waiting time penalties is derivative of the claim for minimum and overtime wages, and therefore is preempted on that ground. Dkt. 12 at 19. Having here found the minimum wage claim not preempted, this argument is partially rejected.

But the overtime wage claim is preempted, and Plaintiff admits that his claim for "failure to timely pay final wages . . . [is] derivative of the claims addressed above," including his overtime claim. Dkt. 13 at 19. As such, any claim for failure to timely pay overtime wages is preempted.

In summary, Plaintiff's minimum wage claim is not preempted. To the extent that his failure to pay timely final wages claim is derivative of the minimum wage claim, it is not preempted.[9] To the extent that his failure to pay timely final wages claim is derivative of the

---

[9] Defendant also argues that this claim fails at step two of the *Burnside* analysis. Dkt. 12 at 16–18, For the reasons discussed regarding Plaintiff's minimum wage claim, this argument is rejected.

overtime claim, it is preempted.[10, 11]

### vi. Failure to Indemnify Business Expenses Claim Is Not Preempted

Plaintiff alleges that Defendant failed to pay and indemnify Plaintiff for necessary business expenditures and losses as required by California Labor Code § 2802. Dkt. 2 ¶¶ 57–60. Defendant alleges that this claim is substantially dependent on an analysis of the CBA such that it is preempted under the second *Burnside* prong. Dkt. 12 at 18–19. Plaintiff opposes, arguing that the Court need only look at the CBA but need not interpret it. Dkt. 13 at 18–19.

Defendant points to provisions of the CBA dealing with adequate communications during emergency use and argues that the Court must interpret whether a cell phone is adequate and when emergency use might kick in. Dkt. 12 at 18–19. But Plaintiff's complaint alleges that he was required to attend weekly meetings via personal telephone. Dkt. 2 ¶ 15 & ¶ 18. As such, the provisions for emergencies in the CBA don't appear relevant or in active dispute.

Furthermore, § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." Cal. Lab. Code § 2802(a). This protection is "non-waivable," therefore, "it is not clear why the Court would need to reference the CBA at all, let alone interpret it, to resolve [Plaintiff's] claim for failure to reimburse

---

[10] Plaintiff again argues that his claim for failure to pay timely final wages is based in state law. Dkt. 13 at 19. As Defendant replies, where Plaintiff's claim is based on other allegations such as unpaid overtime, the claims rise and fall together. Dkt. 14 at 7.

[11] In any amended complaint, Plaintiff may wish to clarify the factual basis of this claim in light of this Court's discussion regarding preemption.

expenses . . . , which does not invoke his rights under the CBA." *Carrillo*, 2025 WL 2615064, at *15 (cleaned up).

This claim is not preempted. *See Brown v. Auto Warehousing Co.*, No. 24-CV-07300-RFL, 2025 WL 3114453, at *3 (N.D. Cal. Nov. 6, 2025) (finding same).

### vii.   Additional Claims Are Partially Preempted

Plaintiff finally brings claims for failure to maintain and provide wage records, dkt. 2 ¶¶ 68–75, and for violations for California Business and Professions Code §§ 17200*, et seq. Id.* ¶¶ 76–94. The parties agree that these claims are derivative of Plaintiff's other claims. Dkt. 12 at 19–20; dkt. 13 at 19. Accordingly, to the extent that these claims rest on preempted claims, these final two claims are also preempted. *Jimenez v. Young's Mkt. Co., LLC*, No. 21-CV-02410-EMC, 2021 WL 5999082, at *13 (N.D. Cal. Dec. 20, 2021) (claims that are derivative of claims that are preempted are themselves preempted).

### B.   Plaintiff Fails to Allege Compliance with Grievance Procedure

Based on the analysis above, Plaintiff brings several preempted claims. Prior to bringing a suit on a preempted claim, "an employee . . . must first attempt to exhaust any mandatory or exclusive grievance procedures provided in the agreement." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 985–86 (9th Cir. 2007). The "failure to exhaust contractually mandated procedures precludes judicial relief for breach of the collective bargaining agreement . . . ." *Id.* at 986–87. When a plaintiff fails to exhaust remedies under a governing CBA, the court must dismiss that plaintiff's preempted claims. *Truex v. Garrett Freightlines, Inc.*, 784 F.2d 1347, 1354 (9th Cir. 1985).

Defendant argues that Plaintiff's complaint fails to include any allegation that Plaintiff complied with the CBA's grievance procedure. Dkt. 12 at 9. And Plaintiff doesn't

respond to this argument in his opposition. As such, the point is conceded. *See* dkt. 14 at 4. Plaintiff's preempted claims must be dismissed.

### III.    Conclusion

For the foregoing reasons, Plaintiff's overtime pay, meal period, and rest period claims are dismissed, as are Plaintiff's claims for waiting time penalties, failure to maintain and provide wage records, and violations for California Business and Professions Code §§ 17200 (to the extent derivative of preempted claims). Plaintiff has leave to amend consistent with this order, and any amended complaint must be filed by **April 10, 2026**.

There is no allegation of diversity jurisdiction in this case, dkt. 1, and Plaintiff only brings state law claims. *See* dkt. 2. As such, the Court declines to reach Defendant's additional arguments for dismissal at this time.

**IT IS SO ORDERED.**

Dated: March 11, 2026

Alex G. Tse
United States Magistrate Judge

14