UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MOORE,<br><br>      Plaintiff,<br><br>      v.<br><br>UTILITY TRAFFIC CONTROL SER-<br>VICES, INC.,<br><br>      Defendant. | Case No.  25-cv-06975-AGT<br><br>**ORDER TO SHOW CAUSE<br>REGARDING SUBJECT MATTER<br>JURISDICTION** |

Defendant Utility Traffic Control Services, Inc. (Defendant) removed this case from San Francisco County Superior Court. Dkt. 1. According to Defendant, only 28 U.S.C. § 1331 provided grounds to remove. *See id.* at 2. Plaintiff Sean Moore's (Plaintiff) claims were allegedly preempted under the Federal Labor Management Relations Act, and a federal court could exercise supplemental jurisdiction over any non-preempted claims. *Id.* at 2–8. Plaintiff brought only state law claims. *See* dkt. 2 at 7–33.

Defendant then filed a motion to dismiss, making similar preemption-based arguments. Dkt. 12. The Court granted Defendant's motion to dismiss in part, finding some claims preempted and dismissing those claims. Dkt. 31. Given that there is no allegation of diversity jurisdiction here, the Court declined to address Defendant's other arguments to dismiss Plaintiff's remaining, non-preempted claims. *Id.* at 14. Plaintiff was granted leave to amend, but chose not do so.

In light of the above, the parties are ordered to show cause regarding the Court's

subject matter jurisdiction in this case. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction") (cleaned up). Plaintiff must file a statement of no more than five pages addressing the Court's subject matter jurisdiction in this case by **June 9, 2026**. Defendant is ordered to file a response, also of no more than five pages, by **June 23, 2026**.

The parties are advised that, if the Court has dismissed all claims over which it had original jurisdiction, then the Court may decline to exercise supplemental jurisdiction here. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (noting that, in a removal case where "the single federal-law claim in the action was eliminated at an early stage of the litigation," the district court "had a powerful reason to choose not to continue to exercise jurisdiction"), *superseded on other grounds by statute as stated in Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010).

**IT IS SO ORDERED.**

Dated: May 26, 2026

Alex G. Tse
United States Magistrate Judge

2